IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON SCOTT MARSHMAN, | ) | |
| Petitioner, | ) | Civil Action No. 7:18-cv-00387 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Jason Scott Marshman, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Charlottesville Circuit Court. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

I.

On September 9, 2009, after a jury trial, the Charlottesville Circuit Court convicted Marshman of first degree murder, use of a firearm in the commission of a felony, and nine counts of discharging a firearm in a dwelling. The court sentenced him to 122 years of incarceration, with 27 years suspended. Marshman appealed, arguing that the evidence was insufficient to convict him, and the Court of Appeals of Virginia denied his appeal. Marshman further appealed to the Supreme Court of Virginia on the same basis, and the court denied his appeal on December 9, 2010. Marshman did not file a petition for writ of certiorari to the Supreme Court of the United States.

On December 8, 2011, Marshman filed a petition for a writ of habeas corpus with the Charlottesville Circuit Court, arguing that trial counsel had provided ineffective assistance. The

court dismissed his petition, and Marshman appealed to the Supreme Court of Virginia which refused his appeal on October 2, 2013. Marshman filed the instant federal habeas petition on July 20, 2018.

The court conditionally filed the petition, advised Marshman that the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. Marshman filed no response concerning the timeliness of his petition.

II.

Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition may be dismissed by a federal district court. *See Hill*, 277 F.3d at 707.

The Supreme Court of Virginia denied Marshman's appeal on December 9, 2010. The statute of limitations began to run in Marshman's case on March 9, 2011, when his conviction became final.[1] However, the time during which a "properly filed" state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Accordingly, the

---

[1] The one-year period begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Marshman has alleged nothing to support the application of § 2244(d)(1)(B-D). Under § 2244(d)(1)(A), Marshman's conviction became final on March 9, 2011, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired.

statute of limitations clock stopped running on December 8, 2011, after approximately nine months, when Marshman filed a habeas petition in the Charlottesville Circuit Court. The clock then began to run again on October 3, 2013, after the Supreme Court of Virginia refused his habeas appeal. Marshman filed his federal habeas more than four years later, on July 20, 2018. The time clock on Marshman's statute of limitations ran for a total of approximately 2,025 days before he filed his federal habeas petition. Accordingly, Marshman's petition is time barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)).

Despite being given the opportunity to argue the timeliness of his petition, Marshman does not allege any ground that warrants equitable tolling. Marshman filed his federal habeas petition more than one year after the judgment became final; thus, the court dismisses his petition

as untimely filed. *See Hill*, 277 F.3d at 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

    Entered: December 4, 2018.

                                             /s/ Elizabeth K. Dillon
                                             Elizabeth K. Dillon
                                             United States District Judge